**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-cv-21784-UU

CHRISTIAN OMAR LEBRON MORALES,

Plaintiff,

v.

GOLD AND ASSOCIATES, P.A.,

Defendant.
_____________________________________________/

**ORDER ON STATE LAW CLAIMS**

THIS CAUSE is before the Court upon a *sua sponte* examination of the record.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

On May 12, 2017, Defendant removed this action to the United States District Court for the Southern District of Florida on the basis of this Court's federal-question jurisdiction. D.E. 1. Plaintiff's Amended Complaint contains the following claims: (Count I) retaliation in violation of the Florida Whistleblower Act, Fla. Stat. § 448.108, (Count II) breach of contract under Florida law, (Count III) quantum meruit under Florida law, (Count IV) unjust enrichment under Florida law, (Count V) failure to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and (Count VI) retaliation in violation of FLSA. D.E. 1.

Federal courts are courts of limited jurisdiction. *See, e.g.*, *S. Florida Equitable Fund, LLC v. City of Miami, Fla.*, 770 F. Supp. 2d 1269, 1277 (S.D. Fla. 2011). As courts of limited jurisdiction, federal courts may only exercise jurisdiction pursuant to the Article III of the United States Constitution or statutory grant of authority to adjudicate the asserted claim. *Office of*

*Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997). Under 28 U.S.C. § 1331, this Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims, in relevant part, if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Here, the Court concludes that Plaintiff's claims for (Count I) retaliation in violation of the Florida Whistleblower Act, Fla. Stat. § 448.108, (Count II) breach of contract under Florida law, (Count III) quantum meruit under Florida law, (Count IV) unjust enrichment under Florida law, substantially predominate over Plaintiff's FLSA's claims (Count V and VI). *See also Morgan v. Christensen*, 582 F. App'x 806, 808 (11th Cir. 2014) (district court did not abuse discretion by declining to exercise supplemental jurisdiction over Florida common law claims where the district court concluded that such claims "substantially predominate[d] over the claim . . . over which the district court [had] jurisdiction"). Accordingly, it is

ORDERED AND ADJUDGED that Counts I, II, III, and IV of Plaintiff's Amended Complaint (D.E. 1-2) are DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of May, 2017.

UNITED STATES DISTRICT JUDGE

copies provided: counsel of record